UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MATTHEW THATCHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:22-cr-00037-NT-3 |
| | ) | 2:24-cv-00133-NT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 332.) The Government requests dismissal. (Response, ECF No. 359.)

Following a guilty plea, Petitioner was convicted of unlawful use of a facility in interstate commerce in violation of 18 U.S.C. § 1952(a)(3) and contempt of court in violation of 18 U.S.C. § 401(3); the Court sentenced Petitioner to forty-four months in prison. (Judgment, ECF No. 316.) Petitioner filed an appeal; the matter remains pending before the First Circuit. (Notice of Appeal, ECF No. 318.)

"[I]n the absence of extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending . . . ." *United States v. Gordon*, 634 F.2d 638, 638 (1st Cir. 1980) (internal quotation marks omitted). When faced with an unresolved appeal and a premature § 2255 motion, the proper procedure in the First Circuit is to dismiss the motion without prejudice. *United States v. Weekes*, 611 F.3d 68, 72 (1st Cir. 2010).

Because Petitioner has not alleged any exceptional circumstances that would necessitate a departure from the usual procedure in this case, dismissal without prejudice is appropriate.[1]

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court dismiss without prejudice Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of October, 2024.

---

[1] Petitioner is advised that should he wish to refile his motion or file a new § 2255 motion after the conclusion of the direct appeal, there are statutory provisions applicable to such postconviction motions, including a statute of limitations. *See* 28 U.S.C. § 2255(f).